Annie Lau  (SBN 302438)
alau@fisherphillips.com
Anthony E. Guzman II  (SBN 311580)
aguzman@fisherphillips.com
FISHER & PHILLIPS LLP
One Embarcadero Center, Suite 2050
San Francisco, CA 94111
Tel:  (415) 490-9000
Fax:  (415) 490-9001

Attorneys for Defendant
DSV AIR & SEA, INC. and UTI UNITED STATES, INC.

# THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYA PITARRO, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DSV AIR & SEA, INC., a Delaware corporation; UTI UNITED STATES, INC., a New York corporation; and DOES 1 through 50, inclusive<br><br>Defendants. | Case No.  3:19-cv-00849-SK<br><br>**ANSWER BY DEFENDANTS DSV AIR & SEA, INC. AND UTI UNITED STATES, INC. TO FIRST AMENDED COMPLAINT**<br><br>[Originally San Francisco County Superior Court Action No. CGC-18-571672]<br><br>State Action filed: November 29, 2018<br>Removal Date:       February 15, 2019<br>Trial Date:             None |

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendants DSV AIR & SEA, INC. ("DSV") and UTI UNITED STATES, INC. ("UTI") (jointly "Defendants") hereby Answers the Class Action First Amended Complaint ("FAC") filed on January 3, 2019, by Plaintiff Maya Pitarro (hereinafter "Plaintiff").

The following numbered paragraphs 1 through 198 correspond to the numbered paragraphs 1 through 57 in the FAC, such that the following numbered paragraphs constitute Defendant's answer to each such respective specific paragraph in the FAC:

## JURISDICTION AND VENUE

1.      Paragraph 1 of the FAC is not charging against Defendants and thus does not require a response from Defendants.  Nevertheless, Defendants respond that they admit that Plaintiff has alleged various claims against Defendants, but deny that they are liable to Plaintiff for any of the alleged claims.

## JURISDICTION AND VENUE

2.      Defendants admit that DSV conducts business in California. Defendants deny the remaining allegations in Paragraph 2.

3.      Defendants admit DSV maintains offices and does business in the County of San Francisco. Defendants deny the remaining allegations in Paragraph 3.

## THE PARTIES

4.      Defendants admit Plaintiff was a former employee of DSV. Defendants further responds that it lacks sufficient knowledge to admit or deny the remaining allegations, and on that basis deny the remaining allegations in Paragraph 4.

5.      Paragraph 5 of the FAC is not charging against Defendants and thus does not require a response from Defendants.  Nevertheless, Defendants respond that they admit that Plaintiff has alleged various claims against Defendants, but deny that they are liable to Plaintiff for any of the alleged claims.

6.      Defendants admit that DSV is a Delaware corporation, maintains offices in California, and that it is authorized to and conducts business in California. Defendants deny the remaining allegations in Paragraph 6.

7.    Defendants deny the allegations in Paragraph 7.

8.    Paragraph 8 of the FAC is not charging against Defendants and thus does not require a response from Defendants. Nevertheless, Defendants respond that they admit that Plaintiff has alleged various claims against Defendants, but deny that they are liable to Plaintiff or DOE defendants for any of the alleged claims.

9.    Defendants deny the allegations in Paragraph 9.

10.    Defendants admit that Plaintiff was employed by DSV. Defendants deny the remaining allegations in Paragraph 10.

11.    Defendants deny the allegations in Paragraph 11.

12.    Defendants deny the allegations in Paragraph 12.

### CLASS ACTION ALLEGATIONS

13.    Defendants deny the allegations in Paragraph 13.

### FIRST CAUSE OF ACTION

13.    In response to Paragraph 13, Defendants incorporate herein by reference the responses to Paragraphs 1-13, as though fully set forth. (The FAC has two paragraphs numbered 13.)

14.    Defendants deny the allegations in Paragraph 14.

15.    Defendants deny the allegations in Paragraph 15.

16.    Defendants deny the allegations in Paragraph 16.

### SECOND CAUSE OF ACTION

17.    In response to Paragraph 17, Defendants incorporate herein by reference the responses to Paragraphs 1-16, as though fully set forth.

18.    Defendants deny the allegations in Paragraph 18.

19.    Defendants deny the allegations in Paragraph 19.

20.    Defendants deny the allegations in Paragraph 20.

### THIRD CAUSE OF ACTION

21.    In response to Paragraph 21, Defendants incorporate herein by reference the responses to Paragraphs 1-20, as though fully set forth.

22. The allegations in Paragraph 22 are legal conclusions for which no response is required. To the extent a response is required, Defendants admit the sections of the California Labor Code and IWC Wage Order exist, but deny any violation thereof.

23. Defendants deny the allegations in Paragraph 23.

24. Defendants deny the allegations in Paragraph 24.

**FOURTH CAUSE OF ACTION**

25. In response to Paragraph 25, Defendants incorporate herein by reference the responses to Paragraphs 1-24, as though fully set forth.

26. The allegations in Paragraph 26 are legal conclusions for which no response is required. To the extent a response is required, Defendants admit the sections of the California Labor Code and IWC Wage Order exist, but deny any violation thereof.

27. Defendants deny the allegations in Paragraph 27.

28. Defendants deny the allegations in Paragraph 28.

29. Defendants deny the allegations in Paragraph 29.

**FIFTH CAUSE OF ACTION**

30. In response to Paragraph 30, Defendants incorporate herein by reference the responses to Paragraphs 1-29, as though fully set forth.

31. The allegations in Paragraph 31 are legal conclusions for which no response is required. To the extent a response is required, Defendants admit the sections of the California Labor Codes exist, but deny any violation thereof.

32. The allegations in Paragraph 32 are legal conclusions for which no response is required. To the extent a response is required, Defendants admit the sections of the California Labor Code exist, but deny any violation thereof.

33. The allegations in Paragraph 33 are legal conclusions for which no response is required. To the extent a response is required, Defendants admit the sections of the California Labor Codes exist, but deny any violation thereof.

34. Defendants deny the allegations in Paragraph 34.

35. Defendants deny the allegations in Paragraph 35.

## SIXTH CAUSE OF ACTION

36. In response to Paragraph 36, Defendants incorporate herein by reference the responses to Paragraphs 1-35, as though fully set forth.

37. Defendants deny the allegations in Paragraph 37.

38. Defendants deny the allegations in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39.

## SEVENTH CAUSE OF ACTION

40. In response to Paragraph 40, Defendants incorporate herein by reference the responses to Paragraphs 1-39, as though fully set forth.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42.

## EIGHTH CAUSE OF ACTION

43. In response to Paragraph 43, Defendants incorporate herein by reference the responses to Paragraphs 1-42, as though fully set forth.

44. The allegations in Paragraph 44 are legal conclusions for which no response is required. To the extent a response is required, Defendants admit the sections of the California Labor Code exist, but deny any violation thereof.

45. Defendants deny the allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46.

## NINTH CAUSE OF ACTION

47. In response to Paragraph 47, Defendants incorporate herein by reference the responses to Paragraphs 1-46, as though fully set forth.

48. Defendants deny the allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51.

52. Defendants deny the allegations in Paragraph 52.

///

## TENTH CAUSE OF ACTION

53. In response to Paragraph 53, Defendants incorporate herein by reference the responses to Paragraphs 1-52, as though fully set forth.

54. Defendants deny the allegations in Paragraph 54.

55. Defendants deny the allegations in Paragraph 55.

56. In response to Paragraph 56, Defendants admit the sections of the California Labor Code exist, but deny any violation thereof and deny that Plaintiff is entitled to any damages.

57. Defendants deny the allegations in Paragraph 57.

With regard to the "Prayer for Relief" by Plaintiff as set forth on pages 14 through 15 of the FAC, Defendants admit that Plaintiff seeks such relief, but deny that it should be granted.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's FAC, and each and every cause of action therein, fails to state facts sufficient to constitute any cause of action against Defendants.

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's FAC, and each and every cause of action therein, is barred by the applicable statute of limitations including, but not limited, to Code of Civil Procedure section 340 subdivisions (a) and (b), and Labor Code section 203.

## THIRD AFFIRMATIVE DEFENSE

3. By her conduct, Plaintiff has waived any right to recover any relief sought in the FAC, or in any purported cause of action alleged therein.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims are barred by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff lacks legal authority to speak and act on behalf of the putatively represented individuals.

///

///

### SIXTH AFFIRMATIVE DEFENSE

6. Neither Plaintiff nor any person Plaintiff seeks to represent is entitled to recover penalties from Defendants because an award of such penalties would be unjust, arbitrary, oppressive, or confiscatory.

### SEVENTH AFFIRMATIVE DEFENSE

7. Neither Plaintiff nor any person Plaintiff seeks to represent is entitled to recover penalties from Defendants because the penalties sought bear no reasonable relationship to actual damages, if any, and are therefore, unconstitutional under the California Constitution and the United States Constitution.

### EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff is an inadequate representative of any person on whose behalf relief is sought.

### NINTH AFFIRMATIVE DEFENSE

9. The representative allegations set forth in the FAC are barred as a matter of law because Plaintiff lacks standing to sue on behalf of any person on whose behalf relief is sought and/or the general public, and thus, she cannot represent the interests of any person on whose behalf relief is sought and/or the general public.

### TENTH AFFIRMATIVE DEFENSE

10. The FAC, and each and every purported cause of action contained therein, is barred in whole or in part to the extent any such claim has been settled, released, and/or are subject to an accord and satisfaction.

### ELEVENTH AFFIRMATIVE DEFENSE

11. This action fails to the extent a necessary party has not been joined in the action.

### TWELFTH AFFIRMATIVE DEFENSE

12. This action fails to the extent Defendants complied with the applicable provisions of the California Labor Code.

///

///

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff's and members of the putative class' claims for "waiting time" penalties pursuant to Section 203 of the California Labor Code are barred because the wages Plaintiff claims were not paid upon separation from employment from her actual employer were subject to a good faith dispute of fact or law as to whether such wages were owed between Plaintiff and her actual employer.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Defendants authorized, permitted and provided Plaintiff and members of the putative class with 30-minute, duty-free meal periods pursuant to the applicable wage order and the California Labor Code.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiff's claim that she and members of the putative class were unlawfully denied their right to rest periods and/or meal periods by their employer is barred to the extent they voluntarily relinquished or waived their known right to enjoy such rest periods and/or meal periods or, alternatively, there existed exigent circumstances which prohibited a rest period and/or meal period from being taken.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Any time for which Plaintiff and putative class members were not paid by Plaintiff's employer was de minimis and, therefore, not compensable as a matter of law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. Neither Plaintiff nor any class member suffered an injury as the term is defined under California Labor Code section 226.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. Plaintiff's class allegations are barred as a matter of law because Plaintiff cannot satisfy the prerequisites for class certification as required by California Code of Civil Procedure section 382 and current legal standards.

///

///


### NINETEENTH AFFIRMATIVE DEFENSE

19. Plaintiff's class allegations are barred as a matter of law because the named Plaintiff lacks standing, and thus, cannot represent the interests of the putative class members as to each purported cause of action therein.

### TWENTIETH AFFIRMATIVE DEFENSE

20. The allegations set forth by the named Plaintiff on behalf of herself and the alleged class, the existence of which is expressly denied, involve matters for which individual questions predominate, and therefore, are not appropriate claims for class treatment pursuant to section 382 of the California Code of Civil Procedure and current legal standards.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. The claims alleged by the named Plaintiff are neither common to nor typical of those, if any, of the alleged class which Plaintiff purports to represent and the existence of which is expressly denied.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22. Certain interests of the class proposed by Plaintiff are in conflict with the interests of all or certain subgroups of the members of the alleged class of persons, which the Plaintiff purports to represent, the existence of which is expressly denied.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23. The named Plaintiff is not an adequate representative of any alleged class of persons she purports to represent, the existence of which is expressly denied.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. Defendants are informed and believe, and based on that information and belief allege, that any finding of liability pursuant to California Business & Professions Code section 17200, et seq., would violate Due Process and Equal Protection Clauses of the United States and California Constitutions because the standards of liability under those statutes are unduly vague and subjective.

///

///

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25. Plaintiff lacks standing to bring a claim under California Business & Professions Code section 17200.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

26. Plaintiff's and members of the putative class' claims are barred in part or in whole by res judicata and collateral estoppel.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

27. Defendants are informed and believe and, based upon such information and belief, alleges that Plaintiff and members of the putative class are barred, in whole or in part, from recovery of any damages, by the doctrine of laches.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

28. Plaintiff and members of the putative class are estopped by reason of their own conduct, acts, and/or omissions from proceeding with any of their causes of action against Defendants and/or from recovering any damages against Defendants.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

29. Plaintiff's claims are not appropriate for class treatment because, among other things, the issues raised in Plaintiff's FAC lack sufficient typicality, commonality, and numerosity to support certification of the class. Additionally, individualized issues predominate, and class treatment would neither be manageable nor a superior method for addressing the claims raised in the FAC. Further, Plaintiff is not an adequate class representative.

**THIRTIETH AFFIRMATIVE DEFENSE**

30. Plaintiff's attempt to pursue this case as a class action violates Defendants' constitutional rights to a jury trial and to due process, and Plaintiff's attempts to pursue this case as a class action fail because an independent and individual analysis of Plaintiff's claims and the claims of each putative class member and each of Defendants' defenses is required.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

31. Plaintiff and members of the putative class are barred from collecting a meal-period premium to the extent that they were authorized and permitted to take a meal period within the

meaning of *Labor Code* section 512 and/or they took an off-duty meal period of at least thirty (30) minutes duration at the appropriate times as required by Section 11 of the applicable Industrial Welfare Commission Wage Order, and any interruption during said meal periods or time shortage for any meal period, which Defendants expressly deny, was at most de minimis.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

32.  Plaintiff and members of the putative class are not entitled to the relief requested in the FAC because, even if unlawful actions occurred, which the Defendants deny, such conduct was not committed, countenanced, ratified or approved by managing agents of Defendants. Defendants acted in good faith that it was in compliance with the California Labor Code, the wage orders of the Industrial Welfare Commission as well as all other applicable state and federal laws.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

33.  Plaintiff and the members of the putative class are barred from recovering any damages for lost wages, or any recovery for lost wages must be offset or reduced, if and to the extent Defendants already compensated them fully or in excess of what was required by law, or Defendants are entitled to a set-off for amounts Plaintiff or putative class members owe Defendants for receipt of wages or other benefits to which they were not entitled or did not earn.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

34.  Plaintiff's claims and those of the putative members of the purported class defined in the FAC that are based in equitable or injunctive relief are barred in light of the fact that Plaintiff and the purported class members have an adequate remedy at law.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

35.  To the extent that one or more of the putative class members signed an agreement to arbitrate each and all of the causes of action alleged in the FAC containing a waiver of class action claims, the claims are thus barred for that putative class member.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

36.  Plaintiff and members of the putative class are not entitled to relief for the claims alleged in the FAC because they did not substantially comply with all the directions of their employer concerning the service in which they were engaged even though obedience was not

possible or unlawful and did not impose new and unreasonable burdens upon them.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

37.   Plaintiff' and members of the putative class' claim for penalties for the purported violation of California Labor Code section 226 is barred because Defendants at all times acted with the good faith belief that it was in compliance with the requirements of Labor Code section 226.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

38.   Plaintiff and members of the putative class did not accurately report the hours for which they seek allegedly unpaid wages, overtime and penalties; therefore they are barred from seeking to recover any such amounts from Defendants.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

39.   Defendants allege its payment of wages to Plaintiff and members of the putative class were not "unfair," "unlawful", or "fraudulent" within the meaning of California Business & Professions Code § 17200.

**FORTIETH AFFIRMATIVE DEFENSE**

40.   Plaintiff and members of the putative class are barred from collecting a rest period premium because, Defendants authorized and permitted them to take a rest period in accordance with Section 12 of the applicable Industrial Welfare Commission Wage Order.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

41.   Plaintiff and members of the putative class are barred from collecting a rest period premium because they were afforded an opportunity to take a rest break, but freely chose to forego or waive a rest break without any coercion or encouragement by their employer; or, alternatively, their claims are barred to the extent they actually took a rest break as required by law.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

42.   Plaintiff's and members of the putative class' demand for penalties pursuant to California's Private Attorney General Act, Labor Code section 2698, et seq. (PAGA), fails to the extent that Plaintiff has not satisfied the statutory prerequisites for relief, including but not limited to the notice and exhaustion requirements under PAGA as set forth in, inter alia, the California Labor Code.

### FORTY-THIRD AFFIRMATIVE DEFENSE

43. Any penalties available to Named Plaintiff (and/or any person on whose behalf relief is sought) under PAGA are subject to equitable reduction pursuant to *Labor Code* section 2699, subdivision (e)(2), on the grounds that awarding the maximum available penalty against Defendants would be unjust, arbitrary, oppressive, and/or confiscatory.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

44. The Named Plaintiff does not have standing to bring a claim under California Private Attorneys General Act of 2004, *Labor Code* Section 2698, *et seq.*

### FORTY-FIFTH AFFIRMATIVE DEFENSE

45. Plaintiff's and members of the putative class' claims cannot proceed as a representative action because they are not "aggrieved employees" pursuant to California Labor Code section 2699, *et seq.*

### FORTY-SIXTH AFFIRMATIVE DEFENSE

46. Plaintiff's and members of the putative class' claim alleging that they are owed unpaid wages, penalties, and other compensation based on Defendants' alleged failure to pay for all hours worked lacks merit to the extent that Defendants did not authorize, suffer, or permit the work and/or they performed the work without Defendants' knowledge and/or control, within the meaning of Section 2(G) of the applicable Wage Order, and/or as set forth by applicable law.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

47. Defendants expressly reserve the right to amend its answer and to assert additional affirmative defenses, and to supplement, alter or change its answer and affirmative defenses upon revelation of more definitive facts by Plaintiff and upon Defendants' undertaking of discovery and investigation of this matter. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

### PRAYER

WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

1. That Plaintiff takes nothing by the FAC;

2. That judgment be entered in favor of Defendants and against Plaintiff, on all causes

of action;

3. That Defendants be awarded reasonable attorney's fees according to proof;

4. That Defendants be awarded the costs of suit herein incurred; and

5. That Defendants be awarded such other and further relief as the court may deem appropriate.

Dated: February 22, 2019                FISHER & PHILLIPS LLP


By:    */s/ Annie Lau*
       Annie Lau
       Anthony E. Guzman II
       Attorneys for Defendant
       DSV AIR & SEA, INC. and
       UTI UNITED STATES, INC.