**MATERN LAW GROUP, PC**
MATTHEW J. MATERN (SBN 159798)
mmatern@maternlawgroup.com
MIKAEL H. STAHLE (SBN 182599)
dkhalili@maternlawgroup.com
1230 Rosecrans Ave., Suite 200
Manhattan Beach, CA 90266
Tel: 310.531.1900
Fax: 310.531.1901

Attorneys for Plaintiff MAYA PITARRO,
individually and on behalf of all others similarly
situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYA PITARRO, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DSV AIR & SEA, INC., a Delaware corporation; UTI UNITED STATES, INC., a New York corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:19-cv-00849-SK<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>DATE:   June 22, 2020<br>TIME:    9:30 A.M.<br>CTRM:  C<br><br>*[Filed and served concurrently with Declaration of Matthew J. Matern; [Proposed] Order]*<br><br><br>Action Filed: November 29, 2018<br>Trial Date:    None Set |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on June 22, 2020 at 9:30 a.m. or as soon thereafter as the matter can be heard in Courtroom C of the United States District Court for the Northern District of California located at 450 Golden Gate Avenue, 15th Floor, San Francisco, California, Plaintiff Maya Pitarro, individually and on behalf of all others similarly situated will, and hereby does, move the Court as follows:

1.      To preliminarily approve the Joint Stipulation for Class Action Settlement and Release of Claims ("Stipulation");

2.      To set dates for the submission of objections and opt-outs;

3.      To set the date for the fairness hearing regarding Final Approval of the Stipulation, class representative enhancement payment, administration costs; Class Counsel's motion for an award of attorneys' fees and expenses; and

4.      To approve the form and authorize the mailing of the proposed notice of settlement.

This motion is made on the grounds that the Stipulation, which provides for a *non-reversionary* payment of $1,100,000.00, "is the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval," such that preliminary approval is appropriate. *In re Tableware Antitrust Litig.*, 484 F.Supp.2d 1078, 1079 (N.D. Cal. 2007) (quoting *Schwartz v. Dallas Cowboys Football Club, Ltd.*, 157 F. Supp.2d 561, 570 n.12 (E.D. Pa. 2001)). Further, the proposed notice of settlement complies with due process requirements and is the "best notice that is practicable under the circumstances," as it provides Class Members an opportunity to fully assess the Settlement, including Plaintiff's motion for attorneys' fees and costs,

;

before deciding whether to opt-out or submit objections. Fed. R. Civ. P. 23(c)(2)(B).

The motion is based upon this Notice, the accompanying Memorandum of Points and Authorities and Declaration of Matthew J. Matern and attached exhibits, the complete files and records in this action, and any other evidence or oral argument that may be presented at the time of the hearing.

DATED: May 18, 2020                    **MATERN LAW GROUP, PC**

By:    _____

MATTHEW J. MATERN
MIKAEL STAHLE
Attorneys for Plaintiff MAYA PITARRO, individually and on behalf of all others similarly situated

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................................ 1

II.     STATEMENT OF FACTS ......................................................................................... 2

III.    INVESTIGATION AND DISCOVERY ................................................................... 3

IV.     MEDIATION ............................................................................................................. 3

V.      KEY SETTLEMENT TERMS ................................................................................. 4

        A.    Allocation of the Settlement. ......................................................................... 4

              1.    Administration Costs ......................................................................... 4

              2.    Class Counsel's Attorneys' Fees and Costs. .................................... 5

              3.    Plaintiff's Enhancement Payment. .................................................... 5

              4.    PAGA Allocation. .............................................................................. 6

              5.    Net Settlement Payments. ................................................................. 6

              6.    Unapproved Funds. ........................................................................... 6

        B.    Computation and Distribution of Net Settlement Payments. ........................ 6

              1.    The Settlement Class. ........................................................................ 6

              2.    The PAGA Allocation. ...................................................................... 7

        C.    Notice of the Proposed Settlement. ............................................................... 7

        D.    Objections and Exclusion Requests. .............................................................. 7

        E.    Uncashed Checks. .......................................................................................... 8

        F.    Releases. ......................................................................................................... 8

VI.     PROVISIONAL CLASS CERTIFICATION ......................................................... 10

        A.    The Requirements of Rule 23(a) Are Satisfied. ......................................... 10

              1.    Rule 23(a)(1): Numerosity .............................................................. 10

2. Rule 23(a)(2): Commonality ................................................................... 11

3. Rule 23(a)(3): Typicality ...................................................................... 11

4. Rule 23(a)(4): Adequacy of Representation ......................................... 11

B. The Predominance and Superiority Requirements of Rule 23(b)(3) Are Satisfied. ....... 12

VII.   THE SETTLEMENT MERITS PRELIMINARY APPROVAL .......................................... 13

A. General Principles .................................................................................... 13

B. The Settlement Is the Product of Arms-Length, Non-Collusive Negotiations, Has No Obvious Deficiencies, and Warrants a Presumption of Fairness .................................. 14

1. The Settlement is entirely non-collusive. ................................................ 14

2. The Settlement contains no "obvious deficiencies." ............................... 14

a. The Settlement provides substantial monetary relief to the Class. ............. 14

b. The distribution plan treats all Class Members equally and is fair and reasonable. .......................................................................................... 14

c. The release is coextensive with the operative complaint. .......................... 14

d. The proposed Class Representative will not receive a disproportionate payment to those of Class Members, and her enhancement award is fair and reasonable. ................................................................................. 15

e. The Settlement's provisions for attorneys' fees and costs are in the range that is routinely approved. ........................................................... 15

C. The Settlement Is Well Within the Range of Possible Approval. ................................ 16

1. The Strength of Plaintiff's Case on the Merits Balanced Against the Risk, Expense, and Likely Duration of Further Litigation Weigh in Favor of the Settlement. ............................................................................................ 17

2. The Overall Recovery Is Substantial. ...................................................... 18

3. The Stage of the Proceedings. ................................................................ 18

4. Highly Experienced Class Counsel Support the Settlement. .................... 18

VIII.   THE PAGA PENALTIES SECURED BY THE SETTLEMENT ARE GENUINE AND
        MEANINGFUL AND FULFILL PAGA'S UNDERLYING PUROPOSE TO BENEFIT
        THE PUBLIC ............................................................................................................. 18

IX.     THE PROPOSED NOTICE SHOULD BE APPROVED .................................................... 20

X.      SCHEDULE FOR FINAL APPROVAL ............................................................................. 22

XI.     CONCLUSION ................................................................................................................. 23

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Ambriz v. Coca-Cola Co.*,
  No. CV 14-00715 SVW, 2015 WL 12683823 (C.D. Cal. March 11, 2015)
  ……………………………………………………………………12, 13, 14, 17, 18

*Amchem Products, Inc. v. Windsor*,
  521 U.S. 591 (1997)............................................................................11

*Armstrong v. Davis*,
  275 F.3d 849....................................................................................10

*Baumann v. Chase Inv. Servs. Corp.*,
  747 F.3d 1117 (9th Cir. 2014)..............................................................20

*Churchill Vill., LLC v. Gen. Elec.*,
  361 F.3d 566 (9th Cir. 2004)................................................................21

*Eisen v. Carlisle & Jacquelin*,
  417 U.S. 156 (1974)............................................................................21

*Gardner v. GC Servs., LP*,
  No. 10-0997, 2011 WL 5244378 (S.D. Cal. Nov. 1, 2011)...................17

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998).......................................................10, 12

*In re Pac. Enterprises Sec. Litig.*,
  47 F.3d 373 (9th Cir. 1995).................................................................16

*In re Tableware Antitrust Litig.*,
  484 F.Supp.2d 1078 (N.D. Cal. 2007) ...........................................1, 13

*In re Vitamins Antitrust Litig.*,
  2001 WL 856292 (D.D.C. July 25, 2001)..............................................13

*Kamar v. Radio Shack Corp.*,
  254 F.R.D. 387 (C.D. Cal. 2008) ........................................................12

*McKenzie v. Federal Exp. Corp.*,
  765 F. Supp. 2d 1222. (C.D. Cal. 2011) ..............................................20

*Misra v. Decision One Mortg. Co.*,
 No. 07-0994 DOC, 2009 WL 4581276 (C.D. Cal. Apr. 13, 2009) ...................... 22

*Missouri v. Jenkins*,
 491 U.S. 274 (1989) ................................................................................. 16

*Morales v. Stevco, Inc.*,
 2011 WL 5511767 (E.D. Cal. Nov. 10, 2011) ...................................... 18

*Moshogiannis v. Security Consultants Grp., Inc.*,
 No. 10-05971, 2012 WL 423860 (N.D. Cal. Feb. 8, 2012) ................... 17

*Nat'l Rural Telecomm. Coop. v. DirecTV, Inc.*,
 221 F.R.D. 523 (C.D. Cal. 2004) ....................................................... 17

*O'Connor v. Uber Techs., Inc.*,
 201 F. Supp. 3d 1110 (N.D. Cal. 2016) ............................................. 19

*Rodriguez v. Hayes*,
 591 F.3d 1105 (9th Cir. 2010) .......................................................... 11

*Sakkab v. Luxottica Retail North America, Inc.*,
 803 F.3d 425 (9th Cir. 2015) ............................................................ 19

*Salazar v. Sysco Central Cal., Inc.*,
 2017 WL 1135801 (E.D. Cal. Feb. 2, 2017) ....................................... 18

*Schwartz v. Dallas Cowboys Football Club, Ltd.*,
 157 F. Supp.2d 561 (E.D. Pa. 2001) ................................................... 1

*Singer v. Becton Dickinson & Co.*,
 No. 08-821 IEG, 2010 WL 2196104 (S.D. Cal. Jun. 1, 2010) ............. 16

*Stuart v. Radioshack Corp.*, C-07-4499 EMC,
 2010 WL 3155645 (N.D. Cal. Aug. 9, 2010) ...................................... 16

*Wright v. Linkus Enter., Inc.*,
 259 F.R.D. 468 (E.D. Cal. 2009) ....................................................... 22

**State Cases**

*Graham v. DaimlerChrysler Corp.*,
 34 Cal.4th 553 ................................................................................. 15

*Iskanian v. CLS Transp. Los Angeles, LLC,*
   59 Cal.4th 348 (2014)................................................................19, 20

*Krumme v. Mercury Ins. Co.,*
   123 Cal.App.4th 924 (2004)...................................................................15

*New Cingular Wireless PCS, LLC v. Pub. Utilities Comm'n,*
   246 Cal.App.4th 784 (2016)...................................................................19

*Serrano v. Priest,*
   20 Cal.3d 25 (1973)...............................................................................15

*ZB, N.A. v. Superior Court,*
   8 Cal.5th 175(2019)...............................................................................20

**Federal Statutes**

28 U.S.C. section 1441(b) ..........................................................................2

**State Statutes**

Business & Professions Code § 17200 ........................................................9

Business and Professions Code §§ 6216 through 6223................................8

Cal. Lab. Code, § 2699(g)(l) ....................................................................20

Cal. Lab. Code, § 2699(i) .........................................................................19

Cal. Lab. Code, § 2699(l)(2).....................................................................18

California Civil Code, § 1542.....................................................................9

California Government Code § 77209.........................................................8

**Federal Rules**

Fed. R. Civ. P. 23 .....................................................................................10

Fed. R. Civ. P. 23(b)(1), (2) or (3)...........................................................10

Fed. R. Civ. P. 23(c)(2)(B) ......................................................2, 20, 21, 22

Fed. R. Civ. P. 23(e)(2)............................................................................22

Rule 23(c)(3).............................................................................................21

1

## Other Authorities

2

*Manual for Complex Litigation, Third* § 30.41 (Federal Judicial Center 1995) ........ 1

3

*Manual for Complex Litigation, Third* § 30.41 at p. 237

4
    Federal Judicial Center 1995 ................................................................................... 13

5

Newberg, 4 ............................................................................................................... 13

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3    Plaintiff Maya Pitarro ("Plaintiff"), individually and on behalf of **276**

4    similarly situated putative Class Members who were non-exempt employees of

5    Defendant DSV Air & Sea, Inc. ("Defendant") in California, seeks preliminary

6    approval of a **$1,100,000.00** non-reversionary settlement with Defendant, resulting

7    in an anticipated recovery of **$675,833.40** for the Class with Class Members

8    receiving an average payment of **$2,455.91**.  This motion also seeks approval of a

9    $25,000.00 settlement for California's Labor and Workforce Development Agency

10   ("LWDA") and 124 alleged aggrieved employees pursuant to California's Private

11   Attorneys General Act of 2004 ("PAGA").[1]

12   The proposed settlement "falls within the range of possible approval," the

13   lenient standard that governs a preliminary approval motion. *Manual for Complex*

14   *Litigation, Third* § 30.41 (Federal Judicial Center 1995).  It thus warrants notice to

15   the putative Class Members of the terms of the settlement and a hearing to consider

16   whether to grant final approval of the settlement as fair, reasonable and adequate.

17   The settlement is memorialized in the Joint Stipulation for Class Action

18   Settlement and Release of Claims (hereafter "Settlement" or "Stipulation").[2]  All

19   factors relevant to the Court's analysis support preliminary approval.  This

20   Settlement was reached at the end of a full-day mediation and following over one

21   year of litigation which included formal and informal discovery, investigation and

22   analysis of potential outcomes. The Settlement is the result of the Parties' well-

23   informed understanding of the strengths and weakness of Plaintiff's claims and

24   Defendant's defenses and provides excellent compensation to Class Members, and

25

26

---

[1]    Plaintiff and Defendant will be collectively referred to as "the Parties".

27

[2]    The Stipulation is attached to the Declaration of Matthew J. Matern ("Matern

28    Decl.") as Exhibit 1.  All other exhibits are attached to the Matern Decl.

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

1                        PLAINTIFFS' INITIAL DISCLOSURES

avoids the cost, risk, and delay attendant to further litigation, which could protract this matter and is uncertain to result in class certification.

Accordingly, Plaintiff requests that the Court certify the proposed Settlement Class and grant preliminary approval of the Settlement as well as approval of the PAGA Allocation.

## II.   STATEMENT OF FACTS

Plaintiff is a former hourly, non-exempt employee of Defendant who worked as an Import Agent at Defendant's facility in South San Francisco, California from in or about July of 2016 to December 13, 2017.  (Matern Decl. ¶4.)  Plaintiff earned $28.00 per hour; other Class Members and the PAGA Group earned an average of $24.34 per hour.  (*Ibid.*)  Defendant is a global supplier of transport and logistics services with a presence in over 90 countries. (*Ibid.*)[3]

On November 29, 2018, Plaintiff commenced this putative wage and hour class and representative action against Defendant in the San Francisco County Superior Court, alleging Defendants' violation of California's labor laws regarding meal and rest breaks, minimum and overtime wages, waiting time penalties, wage statements, maintaining required records, indemnifying employees for necessary business expenses and for unlawful business practices. (Dkt. 1-4.)  On January 3, 2019, Plaintiff filed a First Amended Complaint ("FAC") which added a claim for civil penalties under PAGA ("the Action"). (Dkt. 1-4.)  Plaintiff's PAGA notice was submitted to the LWDA and served on Defendant on August 31, 2018.  (Ex. 2.)

On February 15, 2019, Defendants removed the case to the United States District Court for the Northern District of California based on diversity of citizenship under 28 U.S.C. section 1441(b). (Dkt. 1.)  Defendants filed their answer to the FAC on February 22, 2019.  (Dkt. 6.)

---

[3]   The Stipulation is between Plaintiff, the Settlement Class, the PAGA Group and DSV Air & Sea, Inc. (Stipulation, pp. 1-2.)  Defendant UTI United States, Inc. has represented that it is defunct. (*Ibid.*; Matern Decl. ¶4.)

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

-2-

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

### III.   INVESTIGATION AND DISCOVERY

Plaintiff retained Matern Law Group ("Class Counsel" or "MLG") in August of 2018.  (Matern Decl. ¶5.)  Upon being retained, MLG investigated and researched Plaintiff's claims and Defendants' anticipated defenses. (*Ibid.*)  Plaintiff furnished relevant information and documents to MLG which MLG reviewed and analyzed.  (*Ibid.*)

Defendant produced a large volume of documents to Plaintiff, including wage and hour policies, meal period and rest break policies, payroll information and wage statements for the Class Members, and other documents related to the Class Members' employment with  Defendant. (Matern Decl. ¶6.)  Plaintiff propounded 27 special interrogatories and 23 categories of documents on both Defendants.  (Matern Decl. ¶7.)  Defendants responded to the discovery which Plaintiff reviewed and analyzed.  (*Ibid.*)

### IV.   MEDIATION

Prior to the mediation, Plaintiff retained an expert statistician who reviewed and analyzed Defendant's time and payroll records and prepared an analysis of this information, which was instrumental in creating a damages model for the mediation. (Matern Decl. ¶8.)

On December 2, 2019, the Parties held an all-day mediation with mediator Marc Feder which extended late into the evening, well after business hours, at the conclusion of which the Parties agreed to resolve the matter. (Matern Decl. ¶9.) The basic terms of the Parties' Stipulation were outlined in a "Memorandum of Understanding" subject to a full-form agreement. (*Ibid.*) The Memorandum of Understanding was fully executed as of on December 4, 2019.  (*Ibid.*)

The mediation was conducted at arm's length, and although the negotiations were conducted in a professional manner, they were adversarial. (Matern Decl. ¶10.)  The Parties went into mediation willing to explore the

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

-3-

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

potential for a settlement of the dispute, but each side was also prepared to litigate its position through trial and appeal if a settlement had not been reached.  (*Ibid.*) The Settlement is the result of an informed and detailed analysis of Defendant's potential liability of total exposure in relation to the costs and risks associated with continued litigation. Based on MLG's pre-litigation investigation, discovery, and expert analysis, MLG was able to act intelligently and effectively in negotiating the proposed Settlement.  (*Ibid.*)

## V.     KEY SETTLEMENT TERMS

### Definitions of the Settlement Class and PAGA Group.

Certification is requested for settlement purposes only of a Settlement Class defined as all persons who are or were employed by Defendant as non-exempt employees in the State of California at any time from November 29, 2014, through February 29, 2020 or the date of Preliminary Approval, whichever is sooner. (Stipulation ¶¶25-26.) The Settlement also includes a PAGA Allocation to the PAGA Group, defined as all persons who are or were employed by Defendant as non-exempt employees in California at any time from September 24, 2017 through the date of Preliminary Approval ("the PAGA Period"). (Stipulation ¶¶17-18.)

### A.     Allocation of the Settlement.

The Settlement provides for a non-reversionary Settlement Amount of $1,100,000.00 ("Settlement Amount") inclusive of Class Members' Net Settlement Payments; Class Counsel's attorneys' fees and litigation expenses; administrative costs, enhancement payment to Plaintiff; the PAGA Allocation and employment taxes. (Stipulation ¶24.)

### 1. Administration Costs.

Phoenix Settlement Administrators ("Phoenix") was selected as the claims administrator. (Stipulation ¶46; Matern Decl. ¶39.) The methods of notice and claims payment proposed were those reflected in the Stipulation and Class Notice.

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

-4-

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

(Matern Decl. ¶39.)  Phoenix's services include but are not limited to distributing and responding to inquiries about the Class Notice, maintaining a website for providing information about the Stipulation to the Settlement Class, determining the validity of any opt-outs, calculating all amounts to be paid from the Settlement Amount, and establishing and administering a qualified settlement fund. (Stipulation ¶45.)

The administrative costs are estimated to be $10,000.00 and will be paid by Defendant from the Settlement Amount. (*Ibid.*)  This sum is less than 10% of the Settlement Amount and is therefore reasonable. In the past two years, MLG has engaged Phoenix to serve as the claims administrator in the following two class action or PAGA settlements: *Mena v. Parking Concepts, Inc.* Los Angeles County Superior Court, Lead Case No. BC644996 and *Ramos-Rios v. Encore Hospitality Services, LLC,* Los Angeles County Superior Court Case No. BC685624.  (Matern Decl. ¶39.)

### 2.  Class Counsel's Attorneys' Fees and Costs.

Class Counsel's shall receive attorneys' fees not to exceed one-third of the Settlement Amount, i.e. $366,666.67, plus reasonable litigation expenses of no more than $13,000.00.  (Stipulation ¶¶58-59.) The Settlement is not contingent on the Court granting the attorneys' fees and costs requested.  (Stipulation ¶60.)

### 3.  Plaintiff's Enhancement Payment.

Plaintiff requests an enhancement payment of $7,500.00 in recognition of her active participation in the Action, contributing her personal time and effort, placing herself at risk in using their name to prosecute the Action, putting the interests of the Class ahead of her own interests, and in giving Defendant a broader release than the other Settlement Class Members. (Stipulation ¶62; Matern Decl.¶¶36-38.)

///

///

///

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

-5-

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

### 4.  PAGA Allocation.

The proposed Settlement allocates $25,000.00 for PAGA penalties, 75% of which ($18,750.00) will be paid to the LWDA and $6,250.00 will be paid to the PAGA Group. (Stipulation ¶¶15, 69.)

### 5.  Net Settlement Payments.

After the above sums are deducted from the Settlement Amount, the total anticipated recovery under the Settlement is $677,833.40.  From that amount, Settlement Class Members will receive pro-rata Net Settlement Payments including wages, penalties and interest, the average payment being $2,455.91. (Stipulation ¶12-13; Matern Decl. ¶37.) Employment taxes and other required withholdings will be withheld from the Participating Settlement Class Members' checks. (Stipulation ¶65.)  For tax purposes, 80% of the Net Settlement Payments will be allocated as penalties and interest and 20% as wages. (Stipulation ¶67.)

### 6.  Unapproved Funds.

Any unapproved portion of the enhancement payment, Phoenix's costs or attorneys' fees or expenses will be distributed to the Participating Settlement Class Members on a pro-rata basis. (Stipulation ¶¶46, 60, 63.)

### B.  Computation and Distribution of Net Settlement Payments.

The Class Members and the PAGA Subclass will receive a lump-sum payment according to the following formulas:

### 1.  The Settlement Class.

Each Participating Settlement Class Member will receive a proportionate share (individual settlement payments) based on his or her Compensable Workweeks which are defined as the total number of weeks during which he or she worked for Defendant as a non-exempt employee in the State of California during the Settlement Period or PAGA Period, based on Defendant's records. (Stipulation ¶¶5, 53.b.)  Defendant's workweek data will be presumed to be correct, unless a Class Member proves otherwise by providing satisfactory documentary evidence.

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

-6-

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

(Stipulation ¶54.) Disputes concerning Compensable Workweeks will be resolved by Phoenix if Counsel cannot agree. (*Ibid*.)

### 2. The PAGA Allocation.

Of the $25,000.00 allocated to PAGA penalties, twenty-five percent (25%) ($6,250.00) shall be divided among the PAGA Group. (Stipulation, ¶¶15, 69.) Each PAGA Group member shall receive a proportionate share that is equal to (a) the number of Compensable Workweeks he or she worked during the PAGA Period divided by (b) the total number of Compensable Workweeks worked by all PAGA Group members during the PAGA Period. (Stipulation ¶53.b.)

### C.   Notice of the Proposed Settlement.

No later than thirty (30) days following Preliminary Approval, Defendant will provide Phoenix with the Class List containing the full name, last known mailing address, number of workweeks during the Settlement Class Period, and social security number. (Stipulation ¶47.) Phoenix will run all the addresses through the United Stated Postal Service National Change of Address database to obtain current address information and within ten (10) business days after receiving the Class List will mail the Class Notice to all Settlement Class Members via first-class regular U.S. mail. (Stipulation ¶¶48-49.) Any notices returned as undeliverable on or before the Response Deadline (60 days after initial mailing of the notice) will be sent to the forwarding address affixed to the envelope and if none is affixed, Phoenix shall conduct a skip-trace or other search to determine the correct address and re-mail the notice. (Stipulation ¶¶22, 50.)

### D.   Objections and Exclusion Requests.

Class Members who wish to object to the Settlement shall file a Notice of Objection with the Court by the Response Deadline within sixty (60) days after the class notice is initially mailed to all Settlement Class Members. (Stipulation ¶¶14, 22, 51.) Class Members who wish to exclude themselves from the Settlement shall submit a written request for exclusion to Phoenix within the same time period.

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

-7-

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

(Stipulation ¶¶21, 22, 52.)  Plaintiff waives any right to object to or be excluded from the Settlement.  (Stipulation ¶¶51-52.)

**E.** **Uncashed Checks.**

Any Net Settlement Payments which remain uncashed after 180 days shall be paid as follows: (1) 25% to the State Treasury for deposit in the Trial Court Improvement and Modernization Fund, established in California Government Code § 77209, and subject to appropriation in the annual Budget Act for the Judicial Council to provide grants to trial courts for new or expanded collaborative courts or grants for Sargent Shriver Civil Counsel; (2) 25% to the State Treasury for deposit into the Equal Access Fund of the Judicial Branch, to be distributed in accordance with Business and Professions Code §§ 6216 through 6223, inclusive, except that administrative costs shall not be paid to the State Bar or the Judicial Council from this sum; and (3) 50% to Legal Aid at Work, a nonprofit organization that furthers the objectives and purposes underlying this Litigation and that provides civil legal services to the indigent.  (Stipulation ¶56.)  All cy pres have a mission related to the subject matter of the Action in that they either provide legal services to low-wage workers and other indigent people or promote equal access to the courts. (Matern Decl. ¶44.)  Neither of the Parties nor their counsel has any relationship with any of the proposed cy pres organizations. (*Ibid.*)

**F.** **Releases.**

Upon the Effective Date (defined in the Agreement), Plaintiff and all other Participating Settlement Class Members, waive, release, discharge, and promise never to assert in any forum any and all claims against Defendant, their respective past, present, and future parents, subsidiaries, affiliates, predecessors or successors in interest, or the officers, directors, shareholders, employees, attorneys, agents, assigns, insurers, re-insurers, of any of them, that were alleged in the Litigation or which could have been alleged based on the facts asserted in the Litigation. These claims include, but are not limited to: Failure to Failure to Pay Minimum Wages;

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

-8-

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

Failure to Pay Overtime Wages; Failure to Provide Legally Compliant Meal Periods; Failure to Reimburse Necessary Business Expenses; Failure to Provide Legally Compliant Rest Periods; Failure to Timely Pay Wages Due At Separation; Failure to Provide Accurate Itemized Wage Statements; Failure to Maintain Accurate Employment Records; Violations of Business & Professions Code § 17200, *et seq*. based on the foregoing facts and claims; and any other applicable provisions of state or federal law, including the applicable Industrial Welfare Commission wage order(s). (Stipulation ¶¶8, 42.)

In addition to the above release, Plaintiff provides a general release and waives all rights and benefits under California Civil Code section 1542. (Stipulation ¶¶43-44.)

### G. <u>Other Matters</u>.

There is no difference between the Settlement Class and the Class proposed in the FAC and no differences between the claims to be released and the claims in the FAC. (Matern Decl. ¶40.) Notice under the Class Action Fairness Act ("CAFA") is not required because the Action was not removed under CAFA. (Dkt. 1; Matern Decl. ¶40.) The requested one-third fee is equivalent to the amount of the common fund and MLG's lodestar times a 1.97 multiplier. (Matern Decl. ¶24.) Comparable settlements by Class Counsel include the following:

1. *Richardson v. Interstate Hotels & Resorts, Inc.*, United States District Court for the Northern District, Case No. 16-06772 WHA

| Class Size | Notices Sent | Method of Notice | Claim Forms | Average Recovery | Cy Pres Amount | Admin. Costs | Attorneys' Fees and Costs |
|---|---|---|---|---|---|---|---|
| 350 | 350 | Mail | N/A | $2,138.99 | N/A | $13,500 | Fees: $200,000 Costs: $115,861.22 |

-9-

2. *Carlisle et al. v. Professional Technical Security Services, Inc.*, San Francisco County Superior Court, Case No. CGC-18-569791

| Class Size | Notices Sent | Method of Notice | Claim Forms | Average Recovery | Cy Pres Amount | Admin. Costs | Attorneys' Fees and Costs |
|---|---|---|---|---|---|---|---|
| 2005 | 2005 | Mail | N/A | $339.64 | N/A | $22,000 | Fees: $416,666,67 Costs: $4,220.97 |

(Matern Decl. ¶41.)

## VI.    PROVISIONAL CLASS CERTIFICATION

Fed. R. Civ. P. 23 gives the Court "broad discretion to determine whether a class should be certified…" *Armstrong v. Davis*, 275 F.3d 849, 871 n. 28 (9th Cir. 2001). When considering a request for certification of a settlement class, the Court must first determine "whether the proposed settlement class satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure applicable to all class actions, namely: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).  "[T]he parties seeking class certification must also show that the action is maintainable under Fed. R. Civ. P. 23(b)(1), (2) or (3)."  *Id.* at 1022.

Plaintiff seeks provisional certification of a Settlement Class. (Stipulation ¶26.) The Settlement Class meets all the applicable standards for provisional certification for settlement purposes.

### A.    The Requirements of Rule 23(a) Are Satisfied.

#### 1.    Rule 23(a)(1): Numerosity

Based on Defendant's counsel's representation, the Settlement Class consists of approximately 276 people. (Matern Decl. ¶4.)  This number plainly satisfies the

numerosity standard, which requires merely that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).

### 2.     Rule 23(a)(2): Commonality

The case involves numerous questions of law and fact that are common to the Class, satisfying the requirements of Rule 23(a)(2).  The claims being settled turn on, *inter alia*, Defendant's alleged unlawful and uniform policies and practices which resulted in Class Members being denied lawful meal and rest breaks, compensation for all hours worked, and accurate wage statements which failed to record all hours worked and wages earned, the actual hourly rate of pay and the correct name and address of their employer. (Matern Decl. ¶13.)

### 3.     Rule 23(a)(3): Typicality

Plaintiff has claims that are typical of the class.  The typicality standard is satisfied when "the representative's claims are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010).  Plaintiff was subject to the same wrongdoing that was challenged in the FAC, specifically, she was forced to work off-the-clock, pressured to interrupt or forego her meal breaks, rarely able to take rest breaks due to constant hounding by Defendant to keep working, worked overtime for which she was not compensated and received inaccurate wage statements. (Matern Decl. ¶13.)

### 4.     Rule 23(a)(4): Adequacy of Representation

The adequacy of representation requirement is met where the Class Representative: (1) has common, not antagonistic, interests with unnamed Class Members; and (2) will vigorously prosecute the interests of the class through qualified counsel. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997).  Plaintiff can fairly and adequately represent the Class because she shares the same interests with the other Class Members who were denied their lawful

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

-11-

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

wages and has vigorously prosecuted the interests of the Class through qualified counsel.  (Matern Decl. ¶¶13, 16-22.)

### B.    The Predominance and Superiority Requirements of Rule 23(b)(3) Are Satisfied.

The predominance inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation," and focuses on the "relationship between the common and individual issues." *Hanlon*, 150 F.3d at 1022 (quotation marks and citation omitted). "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Id*. (quotation marks and citation omitted). "[T]he existence of certain individualized or deviating facts will not preclude certification if most class members were subjected to a company policy in a way that gives rise to consistent liability or lack thereof." *Kamar v. Radio Shack Corp.*, 254 F.R.D. 387, 399 (C.D. Cal. 2008).

The resolution of this case would turn primarily on whether Defendant implemented uniform unlawful policies and practices regarding meal and rest breaks, paying minimum and overtime wages and furnishing accurate itemized wage statements, not on individualized issues and the evidence permits damages to be determined through expert analysis of Defendant's payroll and timekeeping records.  Accordingly, common questions of law and fact predominate over individualized issues.

Class resolution of Plaintiff's claims would be "more efficient and fairer than individual lawsuits." *Ambriz v. Coca-Cola Co.*, No. CV 14-00715 SVW, 2015 WL 12683823 at *4 (C.D. Cal. March 11, 2015).  Trying hundreds of cases individually would require substantial repetition of evidence and could result in conflicting judgments while imposing an extraordinary burden on the Parties' and the Court's resources.  Additionally, it would not be economically feasible for most Class

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

-12-

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

1   Members to litigate their claims separately. (Matern Decl. ¶25.) Therefore, absent

2   class treatment, most Class Members' claims would go unremedied regardless of

3   their merit.  (Matern Decl. ¶25.)  Furthermore, Class Members' recoveries may be

4   reduced and substantially delayed. (Matern Decl. ¶12.)  In contrast, because of the

5   proposed settlement, Class Members will receive timely and certain relief and avoid

6   the risk of an unfavorable judgment and a questionable appellate outcome. (*Ibid.*)

7        When the risks of continued litigation and the probability of appeal of a

8   favorable judgment are balanced against the merits of Plaintiff's claims, it is

9   apparent that the Settlement amount is fair, adequate and reasonable. (Matern Decl.

10  ¶15.)

11  **VII.   THE SETTLEMENT MERITS PRELIMINARY APPROVAL**

12       **A.   General Principles.**

13       At the preliminary approval stage, the court must find only that the proposed

14  settlement is non-collusive and within the range of possible final approval.

15  *In re Tableware Antitrust Litig.*, 484 F.Supp.2d 1078, 1079-80 (N.D. Cal. 2007);

16  *see also* Alba Conte & Herbert B. Newberg, 4 *Newberg on Class Actions*, § 13.13

17  (5th ed., 2014).  As long as "preliminary evaluation of the proposed settlement does

18  not disclose grounds to doubt its fairness or other obvious deficiencies, such as

19  unduly preferential treatment of class representatives or of segments of the class, or

20  excessive compensation for attorneys, and appears to fall within the range of

21  possible approval," the Court should preliminarily approve the Settlement.  *In re*

22  *Vitamins Antitrust Litig.*, 2001 WL 856292, at *4 (D.D.C. July 25, 2001) (quoting

23  *Manual for Complex Litigation, Third* § 30.41 at p. 237 (Federal Judicial Center

24  1995)).  A full fairness analysis follows at the final approval stage, after Class

25  Members have an opportunity to be heard regarding the Settlement. *Ambriz*, 2015

26  WL 12683823 at *5, n. 3.

27  ///

28  ///

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN                    -13-               PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

**B.** **The Settlement Is the Product of Arms-Length, Non-Collusive Negotiations, Has No Obvious Deficiencies, and Warrants a Presumption of Fairness.**

The proposed Settlement meets all of the standards to enjoy a presumption of fairness.

**1.** **The Settlement is entirely non-collusive.**

The Settlement is the product of a full mediation session and is non-reversionary. (Matern Decl. ¶9; Stipulation ¶¶30, 46, 60, 63.)

**2.** **The Settlement contains no "obvious deficiencies."**

The Settlement contains none of the provisions that courts sometimes identify as raising cause for concern.

        **a.** The Settlement provides substantial monetary relief to the Class.

The Settlement provides substantial monetary relief for Participating Settlement Class Members in the amount of $675,833.40 with an average recovery of $2,455.91 per Class Member. (Stipulation ¶24; Matern Decl. ¶37.)

        **b.** The distribution plan treats all Class Members equally and is fair and reasonable.

The Settlement provides for all Participating Settlement Class Members to receive a proportionate share of the Settlement based upon their Compensable Workweeks. (Stipulation ¶¶5, 13, 53.a.) Each Settlement Class Member who can be located will be mailed a payment.  (Stipulation ¶¶49-50.) To protect all Settlement Class Members' interests, the Settlement incorporates procedures to ensure that as many Class Members as possible can be located.  (*Ibid.*)

        **c.** The release is coextensive with the operative complaint.

The release given by Class Members is fair and reasonable because it is limited to those claims that were or could have been alleged based on the facts asserted in the Action. (Stipulation ¶42.)

1
2

        d.    <u>The proposed Class Representative will not receive a disproportionate payment to those of Class Members, and her enhancement award is fair and reasonable</u>.

3

     Plaintiff will not receive any premium above the amounts received by other

4

Participating Settlement Class Members, but instead will receive an individual

5

settlement payment calculated by the same method. (Stipulation ¶53.) Although

6

Plaintiff is eligible to receive an enhancement payment in addition to her individual

7

settlement payment, the Settlement is not contingent on Court approval of the

8

incentive award because any amount that is not approved by the Court will be

9

added to the Net Settlement Amount for distribution to the Participating Settlement

10

Class Members.  (Stipulation ¶63.) Because Plaintiff participated in the Action, put

11

herself at risk in using her name to prosecute this lawsuit and placed the interests of

12

the Class ahead of her own interests, the requested enhancement of $7,500.00 is fair

13

and reasonable. (Matern Decl. ¶¶36-38.)

14
15

        e.    <u>The Settlement's provisions for attorneys' fees and costs are in the range that is routinely approved</u>.

16

     The attorneys' fees and costs provisions of the Settlement are similarly fair

17

and reasonable.  The Settlement permits Class Counsel to seek attorneys' fees of up

18

to one-third of the Settlement Amount.  (Stipulation ¶58.) MLG's current lodestar is

19

$185,945.00, based on 211.1 hours, which does not include time preparing for and

20

attending the approval hearings, preparing the final approval motion papers,

21

working with Phoenix on class administration issues and handling post-approval

22

inquiries from Settlement Class Members. (Matern Decl. ¶¶24, 28.)  A multiplier of

23

1.97 is requested based on the contingency nature of the litigation and the excellent

24

result achieved for the Settlement Class. *Serrano v. Priest,* 20 Cal.3d 25, 49

25

(1973); *Graham v. DaimlerChrysler Corp.,* 34 Cal.4th 553, 578-79 [observing that

26

trial court based the enhancement on "the contingency nature [of the litigation]

27

…and the quality of the result."]; *Krumme v. Mercury Ins. Co.,* 123 Cal.App.4th

28

924, 947 (2004) [a multiplier may be justified solely based on one factor].  MLG

should be compensated at their attorneys' current hourly rates rather than at historic rates, to account for the delay in payment. *Missouri v. Jenkins,* 491 U.S. 274, 282-84 (1989).

A fee award of one-third of the common fund is consistent with fee awards made by federal courts in the Ninth Circuit. *See, e.g.*, *In re Pac. Enterprises Sec. Litig.*, 47 F.3d 373, 378-79 (9th Cir. 1995) (affirming fee award of one-third of settlement); *Singer v. Becton Dickinson & Co.*, No. 08-821 IEG, 2010 WL 2196104 at *8-9 (S.D. Cal. Jun. 1, 2010) (33.33% of wage and hour settlement "falls within the typical range ... in similar cases"; citing awards of 33.33%-40%); *Stuart v. Radioshack Corp.*, C-07-4499 EMC, 2010 WL 3155645, at *6 (N.D. Cal. Aug. 9, 2010) (awarding one-third of settlement fund in wage-and-hour class action and noting that "[t]his is well within the range of percentages which courts have upheld as reasonable in other class action lawsuits").

The fee percentage requested is less than that charged by Class Counsel for other employment cases. (Matern Decl. ¶25.)  Class Counsel has been representing Plaintiff in this matter for nearly two years with payment deferred to the end of the case, and then, of course, contingent on the outcome. (*Ibid.*) Class Counsel's efforts have resulted in substantial benefits to Settlement Class Members in the form of a significant settlement fund established to compensate Settlement Class Members for Defendant's allegedly unlawful conduct.  (*Ibid.*)  Without Class Counsel's efforts, the claims would almost certainly have gone without remedy. (*Ibid.*)

Class Counsel will seek reimbursement of their litigation expenses, not to exceed $13,000.00 which includes expert fees. (Stipulation ¶59; Matern Decl. ¶35.)

**C.**     **The Settlement Is Well Within the Range of Possible Approval.**

At the preliminary approval stage, courts often tentatively assess the factors that will go into a final fairness determination: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the amount of the settlement; (4) the extent of discovery completed and the stage of

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

-16-

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

the proceedings; and (5) the experience and views of counsel.  *See, e.g.*, *Ambriz*, 2015 WL 12683823 at *5; *Moshogiannis v. Security Consultants Grp., Inc.*, No. 10-05971, 2012 WL 423860 at *5 (N.D. Cal. Feb. 8, 2012); *Gardner v. GC Servs., LP*, No. 10-0997, 2011 WL 5244378 at *6 (S.D. Cal. Nov. 1, 2011).  All of these factors indicate that the Settlement is well within the range of reasonableness, and the Court should direct notice to be issued to Class Members.

### 1.    The Strength of Plaintiff's Case on the Merits Balanced Against the Risk, Expense, and Likely Duration of Further Litigation Weigh in Favor of the Settlement.

The anticipated class recovery under the Settlement is $675,833.40.  Had Plaintiff fully prevailed on each of her claims, the potential class recovery would be $21,219.376 in unpaid compensation, interest and penalties. (Matern Decl. ¶11.) The following factors bear on the amount of the compromise.

The overall benefits of the proposed Settlement outweigh the potential risks, expense and likely duration of further litigation. (Matern Decl. ¶14.) While Plaintiff believes that her claims are strong on the merits, she recognizes the substantial risks involved in litigating this case.  (Matern Decl. ¶12.) Those risks include the following facts: that this Court may deny class certification; the expensive, time-consuming and extremely uncertain proposition of proving the amount of wages due to each Class Member, resulting in an expensive, time-consuming and arduous process; the likelihood that any verdict will inevitably lead to one or more appeals; and that further litigation will cause inconvenience, distraction, disruption, delay, expenditures and recovery disproportionate to the potential benefits of continued litigation.  (*Ibid*.) By contrast, the proposed Settlement provides immediate and substantial benefits to Class Members which is "preferable to lengthy and expensive litigation with uncertain results." *Nat'l Rural Telecomm. Coop. v. DirecTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) (citation omitted).
///

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

-17-

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

### 2.      The Overall Recovery Is Substantial.

The $1,100,000.00 Settlement Amount is substantial.

### 3.      The Stage of the Proceedings.

The stage of the litigation further supports the Settlement. Plaintiff has investigated and researched her claims, conducted formal and informal discovery, retained an expert who analyzed the pertinent data, and mediated the case and is thus aware of the possible outcomes.  (Matern Decl. ¶26.)  This factor weighs in favor of Settlement.

### 4.      Highly Experienced Class Counsel Support the Settlement.

Class Counsel is highly experienced in class litigation.  (Matern Decl. ¶¶16-22.)  Class Counsel's endorsement of the Settlement as fair, reasonable, and adequate in light of the risks of further litigation, and recommendation that it be approved (see Matern Decl. ¶¶15, 31) "is entitled to significant weight, and weighs in favor of settlement." *See, e.g.*, *Ambriz*, 2015 WL 12683823 at *6; *Morales v. Stevco, Inc.*, 2011 WL 5511767 at *11 (E.D. Cal. Nov. 10, 2011).

## VIII.  THE PAGA PENALTIES SECURED BY THE SETTLEMENT ARE GENUINE AND MEANINGFUL AND FULFILL PAGA'S UNDERLYING PURPOSE TO BENEFIT THE PUBLIC

The PAGA statute provides that "[t]he superior court shall review and approve any settlement of any civil action filed pursuant to this part."  Cal. Lab. Code, § 2699(l)(2). The statute, however, does not require a two-step process or otherwise mimic the class action approval requirements when the parties reach a settlement only as to PAGA civil penalties.  *Salazar v. Sysco Central Cal., Inc.*, 2017 WL 1135801 (E.D. Cal. Feb. 2, 2017) at *2 (rejecting the application of class action settlement rules and procedures for PAGA settlement approval).  In the absence of an explicit statutory requirement, the LWDA has provided guidance, explaining that courts should evaluate settlements of PAGA claims based on whether "'the relief provided for under the PAGA [is] genuine and meaningful,

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

-18-

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

1  consistent with the underlying purpose of the statute to benefit the public."

2  *O'Connor v. Uber Techs., Inc.,* 201 F. Supp. 3d 1110, 1133 (N.D. Cal. 2016).

3  Courts defer to the agency's interpretation of a statute where authority has been

4  delegated to that agency.  *New Cingular Wireless PCS, LLC v. Pub. Utilities*

5  *Comm'n,* 246 Cal.App.4th 784, 807 (2016).  When evaluating a PAGA settlement,

6  the court should analyze whether the amount of civil penalties obtained is "genuine

7  and meaningful" in light of PAGA's statutory purpose.

8      The California Legislature enacted PAGA to "augment the limited

9  enforcement capability of the [LWDA] by empowering employees to enforce the

10  Labor Code as representatives of the Agency."  *Iskanian v. CLS Transp. Los*

11  *Angeles, LLC,* 59 Cal.4th 348, 383 (2014).  This statute authorizes an employee to

12  bring an action for "civil penalties on behalf of the state against his or her employer

13  for Labor Code violations committed against the employee and fellow employees."

14  *Id.* at 360.  An action under PAGA to recover civil penalties "is essentially a law

15  enforcement action designed to protect the public and not benefit private parties."

16  *Id.* at 381.  Fundamentally, "a PAGA action is a statutory action in which the

17  penalties available are measured by the number of Labor Code violations

18  committed by the employer."  *Sakkab v. Luxottica Retail North America, Inc.,* 803

19  F.3d 425, 435 (9th Cir. 2015).  "As the state's proxy, an employee-plaintiff may

20  obtain civil penalties for violations committed against absent employees [citation],

21  just as the state could if it brought an enforcement action directly."  *Id.* at 435.

22      Under the general provisions of PAGA's scheme, 75% of the civil penalties

23  recovered go to the State, while the remaining amount is given to the aggrieved

24  employees.  Cal. Lab. Code, § 2699(i).  The PAGA action is one of the "primary

25  mechanisms for enforcing the Labor Code."  *Iskanian,* 59 Cal.4th at 383.  As the

26  State's proxy or agent, "the employee plaintiff represents the same legal right and

27  interest as state labor law enforcement agencies-namely, recovery of civil penalties

28  that otherwise would have been assessed and collected by the [LWDA]."  *Id.* at

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

-19-

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

380. "[A]n aggrieved employee's action under the [PAGA] functions as a substitute for an action brought by the government itself." *Id.* at 381. The goal of PAGA is to impose civil penalties for Labor Code violations "significant enough to deter violations." *Id.* at 379.

Thus, a PAGA action is "fundamentally different from a class action." *Baumann v. Chase Inv. Servs. Corp.,* 747 F.3d 1117, 1123 (9th Cir. 2014) ["These differences stem from the central nature of PAGA.  PAGA plaintiffs are private attorneys general who, stepping into the shoes of the LWDA, bring claims on behalf of the state agency."].  The PAGA statute expressly distinguishes and preserves the right of employees to separately (or concurrently) pursue their own causes of action against their employers and to recover other available federal and state remedies.  Cal. Lab. Code, § 2699(g)(l ); *see Baumann,* 747 F.3d at 1123 (explaining the differences between the finality in class action judgments and the limited res judicata effect of PAGA judgments).  "Unlike a class action seeking damages or injunctive relief for injured employees, the purpose of PAGA is to incentivize private parties to recover civil penalties for the government that otherwise may not have been assessed and collected by overburdened state enforcement agencies."  *McKenzie v. Federal Exp. Corp.,* 765 F. Supp. 2d 1222, 1233. (C.D. Cal. 2011). PAGA penalties do not seek damages that are compensatory in nature. *ZB, N.A. v. Superior Court,* 8 Cal.5th 175, 188(2019).

Here, the Settlement allocates $25,000.00 to the LWDA and PAGA Group that is genuine and meaningful, consistent with the underlying purpose of the statute to benefit the public and thus fulfills the underlying purpose of the statute. (Stipulation ¶69.)

## IX.   THE PROPOSED NOTICE SHOULD BE APPROVED

Federal Rule of Civil Procedure 23(c)(2)(B) requires that absent Class Members receive the "best notice that is practicable under the circumstances."  For a Rule 23(b)(3) class, the notice must clearly and concisely state: (i) the nature of

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

-20-

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3). Fed. R. Civ. P. 23(c)(2)(B).

"Notice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (internal quotations marks and citations omitted). Such notice is reasonable if mailed to each member of a settlement class "who can be identified through reasonable effort." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 (1974).

The proposed Notice meets all of the notice requirements of Rule 23(b)(3). The Notice Packet explains in easily understood language what the case is about; the class definition and claims; the settlement amount and approximate individual amount each Settlement Class Member will receive; the requested amounts to be paid to Class Counsel and as an enhancement award to the proposed Class Representative; the right of Settlement Class Members to attend the final approval hearing, to opt-out or object to the Settlement and the process by which they can do so; the binding effect of the Settlement on those who do not request exclusion; a description of the Claims being released; and the details of the final fairness hearing. (Agreement, Ex. A.) Settlement Class Members will have 60 days to request exclusion from or object to the Settlement. (Stipulation ¶¶22, 52.)

The Parties' proposed plan for directing notice to the Settlement Class is also "the best notice that is practicable under the circumstances." Using last-known addresses, Phoenix will send the notice by first class U.S. Mail to all Settlement Class Members and the PAGA Group. (Stipulation ¶48.) Further, Phoenix will

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

-21-

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

1   perform skip traces or other means to obtain the correct address of any Settlement

2   Class Members or PAGA Group Member for whom the notice is returned as

3   undeliverable, and shall attempt re-mailings where new addresses are obtained.

4   (Stipulation ¶50.)

5       Plaintiff is not aware of any additional method of distribution that would be

6   reasonably likely to result in the receipt of notice by Class Members who might

7   otherwise not receive notice pursuant to the proposed distribution plan.  For these

8   reasons, the Settlement's plan for directing notice to Settlement Class Members

9   satisfies Rule 23(c)(2)(B).  *See, e.g.*, *Wright v. Linkus Enter., Inc.*, 259 F.R.D. 468,

10  475 (E.D. Cal. 2009); *Misra v. Decision One Mortg. Co.*, No. 07-0994 DOC, 2009

11  WL 4581276, *9 (C.D. Cal. Apr. 13, 2009).

12  **X.   SCHEDULE FOR FINAL APPROVAL**

13      Because the case meets the requirements for certification of a settlement

14  class and the Settlement meets the requirements for preliminary approval, the Court

15  should direct notice to issue and set a final fairness hearing to decide whether to

16  grant final approval of the Settlement, approve Plaintiff's requested enhancement

17  payment and approve Class Counsel's motion for attorney's fees and costs. See

18  Fed. R. Civ. P. 23(e)(2).

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

-22-

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

1

## XI.  CONCLUSION

2      For the foregoing reasons, Plaintiff requests that the Court grant preliminary

3  approval of the Settlement, approve the proposed class notice, set a final approval

4  hearing and approve the PAGA Settlement.

5  DATED: May 18, 2020                    **MATERN LAW GROUP, PC**

6

7                                    By:  _____

8                                         MATTHEW J. MATERN

9                                         MIKAEL STAHLE
                                          Attorneys for Plaintiff MAYA
10                                        PITARRO, individually and on behalf
                                          of all others similarly situated
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

-23-                      PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT