**MATERN LAW GROUP, PC**
Matthew J. Matern (SBN 159798)
Mikael H. Stahle (SBN 182599)
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266
Telephone:  (310) 531-1900
Facsimile:   (310) 531-1901
mmatern@maternlawgroup.com
mstahle@maternlawgroup.com

Attorneys for Plaintiff MAYA PITARRO
and the Settlement Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| MAYA PITARRO, individually and on behalf of others similarly situated, | Case No. 3:19-cv-00849-SK |
|---|---|
| Plaintiff, | Hon. Sallie Kim |
| vs. | **CLASS ACTION** |
| DSV AIR & SEA, INC., a Delaware corporation; UTI UNITED STATES, INC., a New York corporation; and DOES 1 through 50, inclusive, | **NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |
| Defendants. | Date:        December 7, 2020 Time:        9:30 a.m. Courtroom: C, 15th Floor |

**TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 7, 2020 at 9:30 a.m., or as soon thereafter as counsel may be heard, before the Honorable Sallie Kim, in Courtroom C, 15th Floor, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiff Maya Pitarro will and hereby does move for an Order:

(1) Approving the Joint Stipulation for Class Action Settlement and Release of Claims ("Stipulation" or "Settlement") and the settlement embodied therein as fair, reasonable, adequate, and in the best interests of the Class, finding that no valid objections have been made to the Settlement, and that the requirements of Due Process have been satisfied;

(2) Finding that Class Counsel and Plaintiff have fairly and adequately represented the Class with respect to this litigation and the Settlement; and

(3) Finding that the Class Notice and settlement administration program established and implemented pursuant to the Settlement Agreement satisfy Rule 23(e) of the Federal Rules of Civil Procedure and the requirements of Due Process.

///
///
///

**MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT (3:19-CV-00849-SK)**

1      This motion is based on this Notice of Motion and Motion; the accompanying

2  Memorandum of Points and Authorities; the Declaration of Matthew J. Matern in Support

3  of Motion for Preliminary Approval (Dkt #29-1); the Declaration of Matthew J. Matern in

4  Support of Motion for Award of Attorney's Fees, Costs, and Incentive Award (Dkt #35-1);

5  the Declaration of Elizabeth Kruckenberg re Notice and Settlement Administration; and such

6  evidence and argument as may be presented at the hearing on this motion.

7

8  Dated: November 2, 2020          **MATERN LAW GROUP, PC**

9

10                      */s/ Mikael H. Stahle*
                     MATTHEW J. MATERN

11                      MIKAEL H. STAHLE

12                      Attorneys for Plaintiff MAYA
                     PITARRO and the Settlement Class

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT (3:19-CV-00849-SK)**

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................. 1

II.   THE CLASS NOTICE COMPLIED WITH THE COURT'S PRELIMINARY
      APPROVAL ORDER, RULE 23(C) AND (E), AND DUE PROCESS............. 1

III.  THE SETTLEMENT MEETS THE STANDARDS FOR final APPROVAL .... 3

      A.   The Settlement Is the Product of Arm's-Length Negotiations ................... 4

      B.   The Strength of Plaintiff's Case and the Risk, Expense, Complexity, and
           Likely Duration of Further Litigation ......................................... 5

      C.   Class Counsel Performed Sufficient Research and Analysis to Adequately
           Assess the Settlement and the Strengths and Weaknesses of the Class'
           Claims................................................................................ 7

      D.   The Recommendations of Experienced Class Counsel Favor Approval..... 7

      E.   The Reaction of the Class Supports Approval of the Settlement ................ 7

      F.   No Collusion Existed Between the Parties in Reaching the Settlement...... 8

IV.   CONCLUSION.................................................................................. 11

iii

1

## TABLE OF AUTHORITIES

2

3

**CASES**

*Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245 (N.D. Cal. 2015) ........................... 5, 7

*Ching v. Siemens Indus., Inc.*, 2014 WL 2926210 (N.D.Cal.) ............................................. 6

*Chun–Hoon v. McKee Foods Corp.*, 716 F.Supp.2d 848 (N.D.Cal. 2010) ...................... 5, 6

*Class Plaintiffs v. Seattle*, 995 F.2d 1268 (9th Cir. 1992) ................................................. 3, 4

*Custom LED, LLC v. eBay, Inc*, 2014 WL 2916871 (N.D.Cal.) .......................................... 6

*Garner v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 1687832 (N.D.Cal.) .................. 5, 6, 7

*In re Holocaust Victim Assets Litig.*, 105 F.Supp.2d 139 (E.D.N.Y. 2000) ........................ 4

*In re Lorazepam & Clorazepate Antitrust Litig.*, 205 F.R.D. 369 (D.D.C. 2002) ............... 4

*In re Mego Financial Corp. Sec. Litig.*, 213 F.3d 454 (9th Cir. 2000) ............................... 6

*In re Omnivision*, 559 F.Supp.2d 1036 (N.D.Cal. 2008) .................................................... 6

*Larsen v. Trader Joe's Co.*, 2014 WL 3404531 (N.D.Cal.) ................................................ 7

*Linney v. Cellular Alaska Partnership*, 151 F.3d 1234 (9th Cir. 1998) .............................. 3

*Moore v. Verizon Comms. Inc.*, 2013 WL 4610764 (N.D.Cal.) .......................................... 6

*Mullane v. Central Hanover Trust*, 339 U.S. 306 (1950) .................................................... 1

*Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523 (C.D.Cal. 2004) ............. 7

*Officers for Justice v. Civil Service Com'n of City and County of San Francisco*, 688 F.2d
   615 (9th Cir. 1982) ........................................................................................................... 5

*Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2009) ..................................... 3, 5, 6

*Satchell v. Fed. Express Corp.*, 2007 WL 1114010 (N.D. Cal.) ........................................ 5

*Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943 (9th Cir. 1976) ........................................ 3

**RULES**

Fed. R. Civ. P. 23 ...................................................................................................... 1, 2, 3

iv

1              **MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 23(e), Plaintiff Maya Pitarro ("Plaintiff") submits this memorandum in support of her motion for final approval of a negotiated class settlement on behalf of 291 current and former hourly employees of Defendant DSV Air & Sea, Inc. ("Defendant"), as a resolution to the litigation related to Defendant's compliance with California's stringent wage and hour laws.

The terms of the settlement are set forth in the Joint Stipulation for Class Action Settlement and Release of Claims ("Stipulation" or "Settlement"), which was previously filed with the Court on May 18, 2020 as Exhibit 1 to the Declaration of Matthew J. Matern in Support of Motion for Preliminary Approval of Class Action Settlement ("Matern Decl. I"). Dkt #29-1, Exh. 1.

On June 22, 2020, the Court granted preliminary approval of the Settlement. Dkt #34.

On July 22, 2020—ahead of the October 19, 2020 deadline for class members to object to or opt out of the settlement—Plaintiff filed a Motion for Award of Attorney's Fees, Costs, and Incentive Award. Dkt #35-1.

## II. THE CLASS NOTICE COMPLIED WITH THE COURT'S PRELIMINARY APPROVAL ORDER, RULE 23(C) AND (E), AND DUE PROCESS

Class notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Trust,* 339 U.S. 306, 314 (1950). Notice must clearly and concisely state the following, in plain, easily understood language: (i) the nature of the action; (ii) the class definition; (iii) the class claims; (iv) that a class member may enter an appearance through an attorney; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members. Fed. R. Civ. P. 23(c)(2)(B).

**MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT (3:19-CV-00849-SK)**

Rule 23(c)(2) of the Federal Rules of Civil Procedure requires the Court to ensure that the settlement provides the Class with the "best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). Notice is satisfactory where it "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir.1980), *disapproved of on other grounds by Evans v. Jeff D.*, 475 U.S. 717 (1986). Adequate notice sets forth the nature of the action, defines the class to be certified, the class claims and defenses at issue, while also explaining to class members that they may enter an appearance through counsel if so desired, request exclusion from the settlement class, and that any judgment will be binding on all class members. *See* Fed. R. Civ. P. 23(c)(2)(B).

In its preliminary approval order, the Court found that "distribution of the Notice Packets as set forth in the Stipulation meets the requirements of due process, provides the best notice practicable to Class Members under the circumstances, and constitutes due and sufficient notice to all Class Members of the Settlement and their rights related thereto." Dkt #34, ¶ 6. The Court appointed Phoenix Settlement Administrators ("PSA") as the Settlement Administrator to disseminate notice to the Class and to administer the settlement. *Id.*, ¶ 5.

PSA disseminated the Class Notice via U.S. Mail to all 291 Class Members. *See* Declaration of Elizabeth Kruckenberg ("Kruckenberg Decl."), ¶ 5 and Exhibit A. The notice plan included the dissemination of Class Notice in both English and Spanish and the creation and ongoing maintenance of a Settlement Website. Kruckenberg Decl., ¶¶ 5-6. For class members whose Class Notice was not deliverable, PSA attempted to find current addresses for that Class Member. *Id.*, ¶ 7.

No Class Member requested to be excluded from the Settlement Class; and no Class Member objected to the Settlement. *Id.*, ¶¶ 9-10. Only one notice packet was deemed undeliverable. *Id.*, ¶ 8.

**MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT (3:19-CV-00849-SK)**

## III.    THE SETTLEMENT MEETS THE STANDARDS FOR FINAL APPROVAL

Rule 23(e) requires that any settlement of claims brought on a class basis be approved by the Court. There is an "overriding public interest in settling and quieting litigation," *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976), and the Ninth Circuit "has long deferred to the private consensual decision of the parties" to settle, *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009), *vacated on other grounds* 688 F.3d 645. Settlements of complex class actions prior to trial are strongly favored. *Linney v. Cellular Alaska Partnership*, 151 F.3d 1234, 1238 (9th Cir. 1998) (quoting *Class Plaintiffs v. Seattle*, 995 F.2d 1268, 1276 (9th Cir. 1992)).

Court approval of a class action settlement is a two-step process, with the first step being preliminary approval, and the second step being final approval. *Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D.Cal. 2004) (citing Manual for Complex Litigation, Third, §30.41, at 236-37 (1995)). "Strong judicial policy [] favors settlements, particularly where complex class action litigation is concerned." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

Under Federal Rule of Civil Procedure 23(e), a court should approve the settlement of a class action if it is "fair, adequate and reasonable." *In re Pacific Enterprises Sec. Litig.*, 47 F.3d 373, 377 (9th Cir. 1995); *see also Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of San Francisco,* 688 F.2d 615, 625 (9th Cir. 1982). The authority to approve a class settlement is committed to the sound discretion of the trial court. *Torrisi v. Tucson Electric Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993). While the district court exercises discretion in approving a settlement, the court's evaluation of a proposed class settlement "must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice*, 688 F.2d at 625. In *Officers for Justice*, the Ninth Circuit explained:

///

///

[T]he settlement or fairness hearing is not to be turned into a trial or rehearsal for trial on the merits. Neither the trial court nor this court is to reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute, for it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements. The proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators.

*Officers for Justice*, 688 F.2d at 625 (internal citations omitted). The Ninth Circuit has delineated a non-exhaustive list of factors that a trial court may consider in making this determination, including:

[T]he strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Linney v. Cellular Alaska Partnership*, 151 F.3d 1234, 1242 (9th Cir. 1998) (quoting *Torrisi*, 8 F.3d at 1375). No one factor controls the analysis, and the "importance to be attached to any particular factor will depend upon … the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case." *Officers for Justice*, 688 F.2d at 625.

Here, the settlement embodies all of the key features of a settlement that is fair, reasonable, adequate, and in the best interests of the Class Members. Thus, the settlement meets all of the criteria necessary for final approval.

## A.    The Settlement Is the Product of Arm's-Length Negotiations

A proposed settlement is presumed to be fair and reasonable when it is the result of arms' length negotiations. *City of Seattle*, 955 F.2d at 1276; *In re Lorazepam & Clorazepate Antitrust Litig.*, 205 F.R.D. 369, 375-376 (D.D.C. 2002) ("A 'presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations'") [internal citations omitted]; *In re Holocaust Victim Assets Litig.*, 105 F.Supp.2d 139, 145-146 (E.D.N.Y. 2000) (determining fairness, the "consideration focuses on the negotiating process by which the settlement was reached").

Here, the Settlement is the result of arm's-length negotiations, including a full day

**MOTION FOR FINAL APPROVAL OF**
**CLASS ACTION SETTLEMENT (3:19-CV-00849-SK)**

of mediation, facilitating negotiation between experienced counsel who had a comprehensive understanding of the strengths and weaknesses of each party's claims and defenses. The negotiations were mediated by a mediator with significant experience in class actions. *See Chun-Hoon v. McKee Foods Corp.*, 716 F.Supp. 2d 848, 852 (N.D.Cal. 2010) ("[A]rms-length negotiations including a day-long mediation before [experienced private mediator] indicate[s] that the settlement was reached in a procedurally sound manner"); *see also Satchell v. Fed. Express Corp.*, 2007 WL 1114010, *4 (N.D.Cal.) ("The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive.").

In addition, the proposed Settlement does not contain any of the "warning signs" of collusion delineated by the Ninth Circuit, such as class counsel receiving a disproportionate portion of the settlement or reversions of funds to Defendants. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946-947 (9th Cir. 2011).

### B. The Strength of Plaintiff's Case and the Risk, Expense, Complexity, and Likely Duration of Further Litigation

The probability of success analysis is not subject to any "particular formula," nor is the Court expected to "reach any ultimate conclusions of the contested issues of fact and law which underlie the merits of the dispute, for it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements." *Garner v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 1687832, *9 (N.D.Cal.) (quoting *Rodriguez*, 563 F.3d at 965, and *Officers for Justice v. Civil Service Com'n of City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982)); *see also Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 255 (N.D.Cal. 2015). "Rather, the Court's assessment of the likelihood of success is nothing more than an amalgam of delicate balancing, gross approximations and rough justice." *Garner*, 2010 WL 1687832, at *9 (citing *Officers for Justice*, 688 F.2d at 625) (internal quotations omitted). Given the subjective components inherent in evaluating the potential range of recovery, "the Court may presume that through negotiation, the Parties, counsel, and mediator arrived at a

1  reasonable range of settlement by considering Plaintiff's likelihood of recovery." *Garner*,
2  2010 WL 1687832, at \*9 (citing *Rodriguez*, 563 F.3d at 965).

3      Approval of a class settlement is particularly appropriate when plaintiffs must
4  overcome significant barriers to make their case. *Chun-Hoon*, 716 F. Supp. 2d at 851; *see*
5  *also Moore v. Verizon Comms. Inc.*, 2013 WL 4610764, \*5 (N.D.Cal.) (strength of
6  defendant's case favored settlement because plaintiffs admitted they would face hurdles in
7  establishing class certification, liability, and damages); *Custom LED, LLC v. eBay, Inc*,
8  2014 WL 2916871, \*4 (N.D.Cal.) (approving settlement where plaintiff faced "significant
9  obstacles in establishing its claims in light of the uncertainties surrounding class
10 certification, proof of damages, and [defendant's] numerous affirmative defenses"). While
11 Plaintiff is confident in the strength of her claims, she also recognizes that she would have
12 to overcome significant obstacles to succeed.  *See* Matern Decl. I, ¶¶ 12-15.

13     In evaluating the Settlement, the Court should consider "the risk of continued
14 litigation balanced against the certainty and immediacy of recovery from the Settlement."
15 *In re Omnivision*, 559 F. Supp. 2d 1036, 1041 (N.D.Cal. 2008) (citing *In re Mego Financial*
16 *Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000)). This is particularly true in cases, like
17 this one, which involve significant uncertainty and the potential for years of litigation and
18 costly appeals. *See, e.g.*, *Rodriguez*, 563 F.3d at 966 (favoring settlement where
19 "[i]nevitable appeals would likely prolong the litigation, and any recovery by class
20 members, for years"); *Ching v. Siemens Indus., Inc.*, 2014 WL 2926210, \*4 (N.D.Cal.)
21 ("Generally, unless the settlement is clearly inadequate, its acceptance and approval are
22 preferable to lengthy and expensive litigation with uncertain results.").

23     If the Settlement is not approved, this action will proceed to intense litigation and
24 possibly trial and appeal. Plaintiff and Defendant disagree about the merits of Plaintiff's
25 claims. However, regardless of each Party's respective position, there is uncertainty about
26 the ultimate outcome of this action and proceeding with this litigation poses various risks
27 such no certification, decertification, loss on the merits, and loss on appeal, all of which
28 would be extremely costly and time-consuming to fully litigate.

1
2
3

    **C.**     **Class Counsel Performed Sufficient Research and Analysis to Adequately Assess the Settlement and the Strengths and Weaknesses of the Class' Claims**

4
5
6
7
8
9
10

    "This factor evaluates whether the parties have sufficient information to make an informed decision about settlement." *Larsen v. Trader Joe's Co.*, 2014 WL 3404531, *5 (N.D.Cal.). "In the context of class action settlements, as long as the parties have sufficient information to make an informed decision about settlement, formal discovery is not a necessary ticket to the bargaining table." *Bellinghausen*, 306 F.R.D. at 257. "Rather, the court's focus is on whether the parties carefully investigated the claims before reaching a resolution." *Id.*

11
12
13
14
15

    Here, Plaintiff has requested, received, and reviewed extensive documents and information from Defendant through the litigation of this matter, including in preparation for a full-day of mediation that resulted in the Settlement. *See* Matern Decl. I, ¶¶ 5-8, 26. Plaintiff thus fully understands the merits of this case, and this factor weighs in favor of approval of the proposed settlement.

16

    **D.**     **The Recommendations of Experienced Class Counsel Favor Approval**

17
18
19
20
21
22
23
24
25

    "Where a settlement is the product of arms-length negotiations conducted by capable and experienced counsel, the court begins its analysis with a presumption that the settlement is fair and reasonable." *Garner*, 2010 WL 1687832, at *13; *see also Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D.Cal. 2004) (great weight given to the recommendation of counsel who are the most closely acquainted with the facts of the litigation). Class Counsel has broad experience litigating and trying consumer and class action cases. In Class Counsel's view, the Settlement provides substantial benefits to the Class, especially when one considers the attendant expense, risks, delays, and uncertainties of litigation, trial and post-trial proceedings. *See* Matern Decl. I, ¶¶ 14-15.

26

    **E.**     **The Reaction of the Class Supports Approval of the Settlement**

27
28

    "It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement

– 7 –

1  action are favorable to the class members." *Nat'l Rural Telecommunications*, 221 F.R.D.

2  at 529. Indeed, "[t]he absence of any objector strongly supports the fairness,

3  reasonableness, and adequacy of the settlement." *Williams v. Costco Wholesale Corp.*,

4  2010 WL 2721452, *5 (S.D.Cal.) (citing *In re Austrian & German Bank Holocaust Litig.*,

5  80 F.Supp.2d 164, 175 (S.D.N.Y. 2000) ("If only a small number of objections are

6  received, that fact can be viewed as indicative of the adequacy of the settlement."); *Boyd*,

7  485 F.Supp. at 624 (finding "persuasive" the fact that 84% of the class has filed no

8  opposition); *see also Stoetzner v. U.S. Steel Corp.*, 897 F.2d 115, 118-119 (3d Cir. 1990)

9  (concluding that when "only" 29 members of 281 class members objected, the response of

10 the class as a whole "strongly favors settlement").

11      The deadline for Class Members to submit claims or requests for exclusions or to

12 file an objection was October 19, 2020.  As of November 2, 2020, <u>no objections or requests

13 for exclusion</u> had been received. *See* Kruckenberg Decl., ¶¶ 9-10.

14      **F.    No Collusion Existed Between the Parties in Reaching the Settlement**

15      In addition to the foregoing factors—all of which support final approval of the

16 settlement here—the Ninth Circuit has instructed courts to carefully scrutinize cases that

17 are settled without adversarial certification for possible collusion. *In re Bluetooth*, 654 F.3d

18 at 946-947. In *In re Bluetooth*, the Ninth Circuit identified the following factors as the most

19 indicative of collusion between the parties: "(1) when counsel receives a disproportionate

20 distribution of the settlement, or when the class receives no monetary distribution but class

21 counsel are amply rewarded; (2) when the parties negotiate a clear sailing arrangement

22 providing for the payment of attorneys' fees separate and apart from class funds; … and

23 (3) when the parties arrange for fees not awarded to revert to defendants rather than be

24 added to the class fund." *Id*. at 947 (internal citations and quotations omitted). Each of

25 these "warning signs" is designed to reveal evidence of collusion that "may not always be

26 evident on the face of a settlement." *Id*. None of these elements are present here.

27      First, Class Counsel is not receiving a disproportionate amount of the settlement.

28 Class Counsel is seeking an award of attorneys' fees equal to one-third (33⅓) of the

common fund established by the settlement, which represents a 1.76 multiplier under the "lodestar" cross-check. It is well-settled that a positive multiplier is appropriate in common fund cases to reward attorneys for the risk assumed in taking and litigating the case. "[C]ourts have routinely enhanced the lodestar to reflect the risk of non-payment in common fund cases." *In re Washington Public Power Supply System Sec. Litig.*, 19 F.3d 1291, 1300 (9th Cir. 1994). "This mirrors the established practice in the private legal market of rewarding attorneys for taking the risk of nonpayment by paying them a premium over their normal hourly rates for winning contingency cases." *Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1051 (9th Cir. 2002) (examining survey of multipliers approved in common fund cases and finding range from 0.6-19.6, with 83% in 1.0-4.0 range and bare majority in 1.5-3.0 range).

The Settlement Agreement here also does not provide for the payment of attorneys' fees separate and apart from the funds paid to the Class. *See Staton v. Boeing Co.*, 327 F.3d 938, 970 (9th Cir. 2003); *In re Bluetooth*, 654 F.3d at 948-949. Rather, Class Counsel is seeking its fees as a percentage of the total value created by the settlement.

Second, there is no reversion of the settlement fund to Defendant. Any reduction in attorneys' fees will revert to the settlement fund and be provided to Class Members as monetary relief. *See In re Bluetooth*, 654 F.3d at 949 ("a kicker arrangement reverting unpaid attorneys' fees to the defendant rather than the class amplifies the danger of collusion"). To the extent there any funds remain after distribution to the Settlement Class Members, those funds will be distributed as follows: (1) 25% to the State Treasury for deposit in the Trial Court Improvement and Modernization Fund, established in California Government Code § 77209, and subject to appropriation in the annual Budget Act for the Judicial Council to provide grants to trial courts for new or expanded collaborative courts or grants for Sargent Shriver Civil Counsel; (2) 25% to the State Treasury for deposit into the Equal Access Fund of the Judicial Branch, to be distributed in accordance with Business and Professions Code §§ 6216 through 6223, inclusive, except that administrative costs shall not be paid to the State Bar or the Judicial Council from this sum; and (3) 50% to

– 9 –

1    Legal Aid at Work, a nonprofit organization that furthers the objectives and purposes

2    underlying this Litigation and that provides civil legal services to the indigent. (Stipulation,

3    ¶ 56.)

4        Third, unlike *Staton*, the settlement is not contingent on the Court awarding a

5    specific fee to Class Counsel. Instead, the parties have agreed to a total Settlement Fund

6    and have "left the division of that fund as between the class and counsel to the district court,

7    as is usual in common fund cases." *Staton*, 327 F.3d at 971.

8        Finally, while there is a "clear sailing" provision in the Settlement Agreement, the

9    requested fees were negotiated solely as a percentage of the overall value of the settlement,

10   inextricably linking Class Counsel's fees to the value obtained for the Class. The Ninth

11   Circuit's concerns regarding "clear sailing" provisions stem from instances where the

12   requested fee is agreed upon independently of the amount provided for the class. *See In re*

13   *Bluetooth*, 654 F.3d at 947. Such arrangements can enable a defendant to "pay class counsel

14   excessive fees and costs in exchange for counsel accepting an unfair settlement on behalf

15   of the class." *Id*. (citation omitted); *see also In re Oracle Securities Litig.*, 131 F.R.D. 688,

16   694 (N.D.Cal. 1990) (noting that contingent, percentage based fees act as "a monitoring

17   device" and "align the interests of lawyer and client. The lawyer gains only to the extent

18   his client gains."). These concerns are not present here since the fees are a percentage of

19   the total Settlement Fund.

20       The non-collusive nature of this settlement, which was reached after arm's-length

21   negotiation and a contested mediation, fully establishes that there are no "warning signs"

22   of collusion.

23       Accordingly, Plaintiff respectfully requests that the Court grant final approval of the

24   Class Action Settlement.

25   ///

26   ///

27   ///

28

**MOTION FOR FINAL APPROVAL OF**
**CLASS ACTION SETTLEMENT (3:19-CV-00849-SK)**

1    **IV.    CONCLUSION**

2          For the foregoing reasons, Plaintiff respectfully requests that the Court grant final

3    approval of the Class Action Settlement.

4

5    Dated: November 2, 2020                         **MATERN LAW GROUP, PC**

6

7                                                     */s/ Mikael H. Stahle*
                                                     MATTHEW J. MATERN
8                                                    MIKAEL H. STAHLE

9                                                    Attorneys for Plaintiff MAYA
                                                     PITARRO and the Settlement Class
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MOTION FOR FINAL APPROVAL OF**
**CLASS ACTION SETTLEMENT (3:19-CV-00849-SK)**